a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

FAZAL HUSSAIN #A249-391-482,            CIVIL DOCKET NO. 1:25-CV-01916
Petitioner                                                        SEC P

VERSUS                                                JUDGE EDWARDS

U S DEPT OF HOMELAND             MAGISTRATE JUDGE PEREZ-MONTES
SECURITY,
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. §

2241 (ECF No. 1) filed by pro se Petitioner Fazal Hussain ("Hussain"), an

immigration detainee at River Correctional Center in Ferriday, Louisiana.  Hussain

challenges the legality of his continued detention.

Because Hussain's removal is not likely to occur in the reasonably foreseeable

future, the Petition should be GRANTED.

I.      Background

Hussain is a native and citizen of Pakistan.  He entered the United States

without inspection on September 7, 2024, and has remained detained since.  ECF No.

13 at 2.  On April 4, 2025, an immigration judge ordered him removed to Pakistan,

but granted withholding of removal.  ECF No. 1-2 at 1-3.  The parties waived their

rights to appeal, so the removal order immediately became final.  *Id.*

1

On April 10, 2025, Enforcement and Removal Operations ("ERO") sent a request for acceptance to the Embassy of Tunisia, which was denied because Tunisia will not accept non-Tunisians.   ECF No. 12-3 at 1.

On May 13, 2025, a request was sent to the Consulate of  Honduras to determine if the country is willing to accept Hussain.  Honduras denied the request the same date. *Id.*

On June 15, 2025, a request for acceptance was sent to the Consulate of Columbia.  Columbia has never responded to the request.  ECF No. 12-3 at 2.

On July 17, 2025, a request for acceptance was sent to the Consulate of Brazil. No response has been received. *Id.*

On August 30, 2025, a request for assistance was made to ERO Operations Headquarters.  There is no indication that Headquarters responded, but Assistant Field Office Director Charles Ward ("Ward") attests that ERO "continues to work with Headquarters and the Department of State to identify alternative removal countries." *Id.*

## II.   Law and Analysis

The Court has jurisdiction to consider Hussain's challenge to his continued post-removal order detention. *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at

2

*2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, No. 3:25-CV-1700, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, No. 25-CV-1947, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Hussain has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Hussain has satisfied his initial burden of demonstrating that a significant likelihood of removal in the reasonably foreseeable future does not exist. He identifies a barrier to repatriation in that he was granted withholding of removal to Pakistan, the only country to which he is a citizen. Neither Tunisia, Honduras, Colombia, nor Brazil have indicated that they will accept Hussain. In fact, two of the four countries have rejected the Government's request for acceptance. The other two countries have ignored the requests. ECF No. 12-1. Additionally, Hussain has now been detained for 18 months, including 11 months after his removal order became final. "[F]or detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

The burden therefore shifts to the Government to come forward with evidence of a significant likelihood that Hussain will be deported in the reasonably foreseeable future. The Government presents Ward's declaration, which confirms that the last request made to a third country was July 17, 2025—eight months ago. ECF No. 12-3. So, although the Government has been "searching" for a country to which it can send Hussain, no progress has been made over the course of eight months, and it is no closer to removing Hussain now than it was in July 2025. *Id.* "A remote possibility of an eventual removal is not analogous to a significant likelihood that removal will

occur in the reasonably foreseeable future." *Nguyen v. Noem*, 5:25-CV-176, 2026 WL 237282, at *9 (S.D. Tex. Jan. 28, 2026) (citing *Balouch v. Bondi*, 2025 WL 2871914, at *3 (E.D. Tex. Oct. 9, 2025) (citation omitted)).

Whatever latitude § 1231(a)(6) and executive policy may afford for temporary, good-faith efforts to secure travel documents, they do not permit the Government to hold anyone on American soil and in civil detention for 18 months while it waits on speculative, undefined, and shifting possibilities of removal to countries whose willingness to receive him remain uncertain.[1]  *See Zadvydas*, 533 U.S. at 689–701. On this record, Hussain has plainly provided good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

III.    Conclusion

Because there is no significant likelihood of Hussain's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Hussain be released.

---

[1] The Court takes judicial notice of the ongoing war in Iran and the resulting suspension of diplomatic relations and travel with many countries in the region. *See* Fed. R. Evid. 201(b). Neither this war nor other domestic or international events change the fundamental Constitutional prohibition on indefinite detention without a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. at 701. To the contrary, foreseeability turns upon—and thus demands inquiry into—some of the very issues affected and disrupted by war and similar events, including the actual, current conditions in proposed removal countries and the status of our diplomatic relations with such countries. *See Tran v. Mukasey*, 515 F.3d 478, 482–84 (5th Cir. 2008) (granting habeas relief where lack of repatriation agreement prevented removal). The Government thus cannot foreseeably execute removal orders to any such country, particularly given the ongoing and uncertain scope and course of the war in and around Iran.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, March 16, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE